UNITED STATES COURT OF APPEALS

FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02-5330

C.A. No. 02-0236

ROBERT W. POWERS,                                          Appellant,

    v.

JOHN ASHCROFT, et al.                                      Appellees

AFFIDAVIT

ROBERT W. POWERS, after being duly sworn, deposes and says
that he has served the within Complaint and facts of evidence
on counsel of the above-named Appellees by enclosing a copy
thereof in an envelope first class certified mail prepaid and
addressed to United States Attorneys Roscoe C. Howard, Jr.,
R. Craig Lawrence, Aria Zand at United States Attorney's
Office, 555 4th Street N.W. Washington D.C. Room 10-118
20530 and depositing same in the United States mails at
Spirit Lake Ia. 51360 on this the 18th day of February 2003

Subscribed and Sworn to before me
this the 18th day of February 2003

_____            _____
Notary Public                Iowa           Robert W. Powers
                                             P.O. Box 125
                                             Spirit Lake Ia.
                                             51360
                                             Appellant

cc. Clerks Office
    U.S. Court of Appeals
    333 Constitution Ave. N.W.
    Washington,D.C. 20001-2866

05 1130

**FILED**

JUN - 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SHERRY JORGENSEN
Commission Number 105300
MY COMMISSION EXPIRES
AUGUST 26, 2003

APPENDIX F

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

ROBERT W. POWERS
P.O. Box 125
Spirit Lake, Ia. 51360            (            CIV.

        Plaintiff,

HOHN ASHCROFT U.S. Attorney
General                           (            COMPLAINT
Department of Justice
Washington D.C.  20530

ROBERT MUELLER Director FBI
935 Pennsylvania Ave. NW
Washington D.C. 20535-0001

Mike Hatch Minnesota Attorney
General
102 State Capital
St. Paul, Mn  55155

       Defendants,

Jurisdiction of this Court is invoke under Titles 28 USCS
1331, 18 USCS 241 & 242

On January 12, 2001 the above-named plaintiff send a Petition
to President Bush (attached hereto) also served on then FBI Dir.
Louis Freeh and defendant Mike Hatch. That attached to that
Petition as stated in said petition where facts of evidence that
Criminal acts where committed against the United States and on
the person of the above-named plaintiff and as stated in said
petition said evidence was also served on the office of the U.S.
Attorneys.

APPENDIX H

That the facts of evidence attached to said Petition will support the fact that individuals from South Dakota conspired with individuals here in Minnesota holding official State and County offices to promote Minnesota Statutes under total color of these laws, as the facts show there was No Jurisdiction under Minnesota Statutes what so ever. That the above-named plaintiff was kidnapped oppressed, threaten and intimidated to go along with these criminal acts or the same would happen again and it did, the above-named plaintiff was forced to pay money for his release and give these individuals money for no legal or lawful reason what so ever under Minnesota Statutes. That with this criminal conduct against the person of the Plaintiff he was forced out of a business and later had property taken agains for no legal or lawful reason under Minnesota Statutes.

That these individuals from South Dakota and here in Minnesota had no fear of being brought to Justice for there criminal acts against the United States and the State of Minnesota as they had Federal and State Officials that where covering up there criminal acts and the above-named plaintiff believes they also Obstructing Process.

That there has been no criminal acts against the person or property of the plaintiff sense named defendants took Office.

WHEREFORE: PLAINTIFF ask this Court, SHOULD these individuals from South Dakota and Minnesota who committed criminal acts against the United States, State of Minnesota and on the person of the Plaintiff be brought to Justice by the named Defendants,

Robert W. Powers
P.O. Box 125
Spirit Lake, Ia 51360

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Robert W. Powers                          Civil File No.
P.O. Box 125                              1;02CV0236/RMU
Spirit Lake, Ia. 51360

Plaintiff,

vs.

John Ashcroft
U.S. Attorney General
                                          MOTION
Robert Mueller
Director FBI

Mike Hatch
MN Attorney General

Defendants.

COMES NOW, Plaintiff Robert W. Powers and request this
Court appoint and independant counsel to pursue this action.
That this Court retain jurisdiction . That Plaintiff Robert
Powers has filed facts of evidence with this Court to Support
his Complaint.  That it very much appears defendants in this
action have no intant to bring any of the individuals mentioned
in said complaint to civil justice.

Respectfully submitted

Robert W. Powers
P.O. Box 125
Spirit Lake, Ia.
51360

Sept. 19, 2002

Honorable Ricardo M. Urbina
United States District Judge

Re; Robert W. Powers v. John Ashcroft et al.,
Civil Action No. 02-0236(RMU)

Your Honor

In reference to this Court Order filed Sept. 9, 2002
that the plaintiff file his response to the defendants motion
to dismiss on or before Sept. 25, 2002.

The plaintiff in this action your Honor will not be
filing any response to the defendants motion, as the plaintiff
has the capability of filing an appeal, the plaintiff feels
the appellant Courts needs to review the legal and lawful
proceeding of the defendants motion to dismiss but also there
conduct as public officials, also including defendant Mike
Hatch.

Plaintiff pro se
Robert W. Powers
P.O. Box 125
Spirit Lake, Ia. 51360

cc Daria Zane
    Office of the United States Attorney for the District of Columbia
    Civil Division
    Judiciary Center Building
    555 4th St. N.W. 10th Floor
    Washington, D.C. 20530

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 02-5330

(C.A. No. 02-0236)

ROBERT W. POWERS,                                                    Appellant,

v.

JOHN ASHCROFT, et al.,                                               Appellees.

**REPLY TO APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR
SUMMARY AFFIRMANCE**

Appellees, John D. Ashcroft, Attorney General, and Robert Mueller, Director of the

Federal Bureau of Investigation (hereinafter "FBI"), hereby reply to Appellant's Response to

Appellees' Motion for Summary Affirmance.    In their Motion for Summary Affirmance

Appellees explained that the District Court's dismissal of Appellant's case should

be affirmed because Appellant failed to respond to the Motion to Dismiss filed in

the District Court.

In response, Appellant argues that Appellees have failed to look at evidence served on

them regarding an alleged cover-up of criminal actions.    Appellant attached to his response a

submission entitled "Petition to President Bush and Affidavit." That document discusses a series

of actions that relate apparently to Appellant's experience with the legal system by virtue of his

failure to pay child support in Minnesota.    A review of the attachments to Appellant's petition

seems to indicate that the gist of Appellant's complaint is that he is dissatisfied that the United

States Attorney's Office for the District of Minnesota declined to take action into his allegations

of criminal activities.  But, as explained in Appellees' Motion to Dismiss filed in the District

Court, an "agency's decision not to prosecute or enforce, whether through civil or criminal

Chaney, 470 U.S. 821, 831 (1985); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973);
Motion to Dismiss at 3 [Dkt #8].    Thus, his claims are without merit and should have been
dismissed.

Appellant also argues that the fact that a complaint may not state a claim is of no relevance
to the question of subject matter jurisdiction. But, as explained above and in Appellees' motion to
dismiss, because Appellant's motion fails to state a claim, his action should have been dismissed.

More importantly, though, Appellant does not explain why he did not respond to the
motion to dismiss even after the District Court directed that he file a response by a date certain.
The only reference Appellant makes to the District Court is that three Orders from the District
Court that bear Judge Urbina's signature appear to have been done with a stamp and that his
request in the District Court was not actually a request for counsel but was a request for
appointment of a special prosecutor. But, significantly, Appellant does not mention the Court's
order dismissing his case for his failure to respond to Appellees' motion to dismiss. Nor does he
explain why he did not respond to the Appellees' motion to dismiss in the District Court or why
his action should not have been dismissed for his failure to respond. Accordingly, the District
Court's decision should be affirmed.

- 2 -

WHEREFORE, for the foregoing reasons, Appellees respectfully request that the Court

grant its motion and affirm the District Court's dismissal of this action.


ROSCOE C. HOWARD, JR.
United States Attorney


R. CRAIG LAWRENCE
Assistant United States Attorney


DARIA J. ZANE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Appellant's Response to Motion

for Summary Affirmance was served via first class mail on the following:

Robert W. Powers
PO Box 125
Spirit Lake, IA 51360

cc: Ted Schwartz
    FBI
    Federal Office Building, Suite 1700
    11000 Wilshire Blvd.
    Los Angeles, CA 90024
    FAX: 310/996-3573

on this 22 day of February, 2003.

DARIA J. ZANE
Assistant United States Attorney
555 4th Street, N.W., Room 10-118
Washington, D.C. 20530
(202) 305-4742

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

Robert W. Powers                                    Civil File No. 1:02CV0236/RMU
P.O. Box 125
Spirit Lake, IA 51360,

                    Plaintiff,

        vs.

John Ashcroft                                       **ORDER OF DISMISSAL**
U.S. Attorney General
Department of Justice
Washington, D.C. 20530,

Robert Mueller                                      **FILED**
Director FBI
935 Pennsylvania Ave., N.W.                         **MAR 2 2 2002**
Washington, D.C. 20535-0001,
                                                    NANCY MAYER WHITTINGTON, CLERK
        and                                              U.S. DISTRICT COURT

Mike Hatch
Minnesota Attorney General
102 State Capitol
St. Paul, MN 55155,

                    Defendants.


        The above-entitled matter came before the undersigned Judge of United States District

Court for the District of Columbia pursuant to Defendant Mike Hatch's Motion to Dismiss

Plaintiff's claims under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure.

( N/ /                                                                          2

APPENDIX G

Having reviewed the pleadings herein and being duly apprised of the parties arguments, the court makes the following:

ORDER

Plaintiff's claims against Defendant Mike Hatch and the State of Minnesota are hereby dismissed with prejudice.

*03-22-02*

Ricardo M. Urbina
U.S. District Court Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT W. POWERS,                         :

        Plaintiff,                          :

          v.                                :          Civil Action No. 02-0236 (RMU)

                          :          **FILED**

JOHN ASHCROFT *et al.*,                    :

        Defendants.                          :          SEP 9 - 2002

Clerk, U.S. District Court
District of Columbia

## O R D E R

### DIRECTING THE PLAINTIFF TO RESPOND TO THE DEFENDANTS' MOTION TO DISMISS

This matter is before the court on the defendants' motion to dismiss for failure to state a claim. As of the date of this order, the court has not received the plaintiff's response to the defendants' motion. The court will rule on the defendants' motion taking into consideration the facts proffered by the plaintiff in his complaint, along with the plaintiff's response or opposition to the defendant's motion.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. The plaintiff is also referred to Local Civil Rule 7.1(b), which provides that a party has 11 days, or at such time as the court may direct, within which to respond to a motion. Otherwise the court may treat the motion as conceded. Accordingly, it is this 9th day of September 2002,

**ORDERED** that the plaintiff file his response to the defendants' motion to dismiss on or before **September 25, 2002**. If the plaintiff fails to file a response or opposition to the defendants' motion within the time provided, the court will treat the defendants' motion as conceded and dismiss the case.

**SO ORDERED.**

Ricardo M. Urbina
United States District Judge

( ^ )                         APPENDIX A                         11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT W. POWERS,                          :

                    Plaintiff,             :          Civil Action No.: 02-0236 (RMU)

          v.                               :                    **FILED**
                                           :          Document No.:   8
JOHN ASHCROFT *et al.*,                    :                    OCT 3 - 2002
                                           :
                    Defendants.            :          NANCY MAYER WHITTINGTON, CLERK
                                                           U.S. DISTRICT COURT

## ORDER

### TREATING THE DEFENDANTS' MOTION TO DISMISS AS CONCEDED AND DISMISSING THE CASE

This matter is before the court on the defendants' motion to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(1), (3), and (6). Defs.' Mot. to Dismiss at 9. The issue before the

court is whether the plaintiff, by not filing a response to the defendants' motion, has conceded the

defendants' motion.

Under Local Civil Rule 7.1(b), an opposing party must file a responsive memorandum of

points and authorities in opposition to a Rule 12 motion within 11 days of the filing of the

motion. LCvR 7.1(b). If the opposing party fails to do so, the court may treat the motion as

conceded. *Giraldo v. Dep't of Justice*, 202 U.S. App. LEXIS 13685, at *2 (D.C. Cir. July 8,

2002) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997)). A party who

fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v.*

*Seltzer*, 873 F.2d 1453, 1459 (D.C. Cir. 1989) (discussing a motion *in limine*) (also cited by

*Bender*, 127 F.3d at 67-68, in the context of a motion for summary judgment). As such, the D.C.

Circuit has stated that "[w]here the district court relies on the absence of a response as a basis for

treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v.*

*Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

*M 1*

*14*

*Attachment 1*

The plaintiff filed his complaint against the defendants on February 6, 2002. The defendants filed their motion to dismiss on May 6, 2002. The plaintiff failed to respond within the prescribed 11-day period under Local Civil Rule 7.1(b). LCvR 7.1(b). On September 9, 2002, the court issued an order to the *pro se* plaintiff noting that he had not responded to the defendants' motion and directing him to respond to the defendants' motion by September 25, 2002. Order dated Sept. 9, 2002. The court explained that "[i]f the plaintiff fails to file a response or opposition to the defendants' motion within the time provided, the court will treat the defendants' motion to dismiss as conceded and dismiss the case." *Id.* To date, the court has not received the plaintiff's memorandum of points and authorities in response to the defendants' motion. The court has received, however, a letter from the plaintiff confirming that the plaintiff received the court's September 9, 2002 order and stating that the plaintiff "will not be filing any response to the defendants [sic] motion, as the plaintiff has the capability of filing an appeal . . . ." Pl.'s Letter dated Sept. 19, 2002.

Because the plaintiff has not filed a memorandum of points and authorities in response to the defendants' motion within the generously extended deadline set by the court and has indicated that he does not intend to do so, the court treats the defendants' motion as conceded and thereby dismisses the case. *Giraldo*, 202 U.S. App. LEXIS 13685, at *2; *Twelve John Does*, 117 F.3d at 577; *Weil*, 873 F.2d at 1459.

Accordingly, it is this __3rd__ day of October 2002,

**ORDERED** that the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED**.

Ricardo M. Urbina
United States District Judge

2

*Powers v. Ashcroft et al.*

Civil Action No. 02-0236

## Service List

---

**Robert Powers**
P.O. Box 125
Spirit Lake, IA 51360

*The pro se plaintiff*

---

**AUSA Daria Zane**
Office of the United States Attorney for the District of Columbia
Civil Division
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

*Counsel for the (remaining) defendants*

---

**The law clerk assigned to this action is:**        **James Stephen Azadian**

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

**WILLIAM K. SUTER**
CLERK OF THE COURT

June 2, 2003

AREA CODE 202
479-3011

Robert W. Powers
P.O. Box 125
Spirit Lake, IA  51360

    RE:  Robert W. Powers v. John D. Ashchraft, et al.

Dear Mr. Powers:

    The notice of appeal received May 28, 2003 is herewith
returned.

    You may seek review of a decision only by filing a timely
petition for a writ of certiorari.  The filing of a notice of
appeal is not a prerequisite for filing a petition for writ of
certiorari and does not preserve the time for filing a petition
for writ of certiorari.  You must submit a petition for writ of
certiorari within the 90 day time limit pursuant to Rule 13.  A
copy of the Rules of this Court and a sample petition are
enclosed.

    Your case must first be reviewed by a United States court of
appeals or by the highest state court in which a decision could
be had.  28 USC 1254 and 1257.

            Sincerely,
            William K. Suter, Clerk
            By:
            Ruth Jones
            (202) 479-3022

Enclosures

## SUPREME COURT OF THE UNITED STATES
### OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

June 30, 2003

WILLIAM K. SUTER
CLERK OF THE COURT

AREA CODE 202
479-3011

Robert W. Powers
P.O. Box 125
Spirit Lake, IA   51360

    RE:   Robert W. Powers v. John D. Ashchroft, et al.

Dear Mr. Powers:

    The above-entitled petition for writ of certiorari was postmarked June 23, 2003 and received June 27, 2003.   The papers are returned for the following reason(s):

    No motion for leave to proceed in forma pauperis, signed by the petitioner or by counsel, is attached.   Rules 33.2 and 39.   The motion must be signed.

    No notarized affidavit or declaration of indigency is attached.  Rule 39.   You may use the enclosed form.

    Please correct and resubmit as soon as possible.   Unless the petition is received by this Office in corrected form within 60 days of the date of this letter, the petition will not be filed.   Rule 14.5.

    A copy of the corrected petition must be served on opposing counsel.

    When making the required corrections to a petition, no change to the substance of the petition may be made.

                   Sincerely,
                   William K. Suter, Clerk
                   By:

                   Ruth Jones
                   (202) 479-3022

Enclosures

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543–0001

July 21, 2003

**WILLIAM K. SUTER**
CLERK OF THE COURT

AREA CODE 202
479–3011

Robert W. Powers
P.O. Box 125
Spirit Lake, IA  51360

    RE:  Robert W. Powers v. John D. Ashchroft, et al.

Dear Mr. Powers:

    The above-entitled petition for writ of certiorari was postmarked June 23, 2003 and received July 18, 2003.  The papers are returned for the following reason(s):

    They are returned for failure to reflect the changes requested in prior correspondence.

    No motion for leave to proceed in forma pauperis, signed by the petitioner or by counsel, is attached.  Rules 33.2 and 39.  The motion must be signed.

    No notarized affidavit or declaration of indigency is attached.  Rule 39.  You may use the enclosed form.

                         Sincerely,
                         William K. Suter, Clerk
                         By:

                         Ruth Jones
                         (202) 479-3022

Enclosures

PURCHASER'S RECEIPT - RETAIN FOR YOUR RECORDS

25998

PURCHASED BY

Robert Powers

PAYABLE TO    CLERK of U.S. SUPREME COURT

SPIRIT LAKE, IA    6-23-03

72-569/799
03112?

**FIRST**
**BANK AND TRUST**
802 Lake Street PO Box AA, Spirit Lake, Iowa 51360

RECEIPT FOR BANK MONEY ORDER DRAWN ON

FOR _____    MEMORANDUM    300.00

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

ROBERT W. POWERS,                    PETITIONER

vs

JOHN ASHCROFT                        RESPONDENTS
ROBERT MUELLER
MIKE HATCH


RECEIVED
JUL 18 2003
OFFICE OF THE CLERK
SUPREME COURT U.S.

AFFIDAVIT AND
PROOF OF SERVICE

ROBERT W. POWERS, above-named petitioner being duly
sworn on oath, deposes and says:

That on June 23, 2003 the above-named petitioner sent
his petition for writ of certiorari and pursuant to Rule 38
of this Court a Money Order from First Bank and Trust receipt
No. 25998 in the amount of $300.00 correct copy attached here-to
on the office of the clerk of this Court, That the above-named
petitioner intends to pay all cost for his petition for writ
of certiorari to this Court, that because of past conduct of
the above-named respondents  the petitioner will pursue Rule
22 of this Court.

That the above-named petitioner as required by this Court
Rule 29 serve all named respondents and Solicitor General of
the United States with his petition for a writ of certiorari
a true and correct copy is attached to said Petition, that
was served on all respondents.

Subscribed SHERRY JORGENSEN before me
this _____ My Commission Number _____ 2003
        MY COMMISSION Expires
        AUGUST _____
_____
Notary Public          Iowa

_Robt W Powr_

Robert W. Powers
P.O. Box 125
Spirit Lake Ia. 51360

No. _____

## IN THE

### SUPREME COURT OF THE UNITED STATES

ROBERT W POWERS,                              PETITIONER

vs

JOHN ASHCROFT
ROBERT MUELLER                                RESPONDENTS
MILE HATCH

### AFFIDAVIT

ROBERT W. POWERS, above-named petitioner being duly sworn on oath, doposes and says:

That this Office of the U.S. Attorney General Department of Justice may be informed of the pasted conduct of this office and the criminal conduct of individuals in the above-named Court and U.S. District Court for the District of Columbia.

That attached hereto is a true and correct copy of the petition for writ of certiorari served on this Court by the above-named petitioner. Attached hereto is a true and correct copy dated July 21, 2003  and a copy dated June 30, 2003 and a money order receipt dated 6-23-2003 and a true and correct copy of and affidavit and proof of service served on the clerks office of this Court.

If for any reason this office does'nt pursue and settle this issue it is the intent of the above-named petitioner to pursue in a legal and lawful matter to bring these individuals to justice.  Served on Alberto Gonzales U.S. Attorney General

Subscribed and sworn to before me
this the 8th day of February 2005

_____
Notary Public

SHERRY JORGENSEN
Commission Number 105300
MY COMMISSION EXPIRES
AUGUST 26, 2006

_____
Robert W Powers
P.O. Box 125
Spirit Lake Ia 51360

April 5, 2005

Alberto Gonzalew
United States Attorney General
Department Of Justice
Washington, D.C.
20530

      RE: Robert W. Powers v. John D. Ashchroft, et al.
      U.S. District Court for the District of Columbia
      Case No. 02-0236 (RMU)

Dear Mr. Gonzales

    Attached here-to are copies of an affidavit and facts
of evidence supportting said affidavit (to wit facts of
evidence on file with the Clerk of Courts Office with the
District Court.

    This office was served this affidavit on February 8,
2005, it appears there will be no attempt what so ever by
this office to settle this issue, if I have'nt received
any responds from this office in two weeks, legal action
will be brought.

                    Sincerly
                    Robert W. Powers
                    P.O. Box 125
                    Spirit Lake, Ia 51360