UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert W. Powers | Civil File No. 1:05CV00130/RCL |
| Plaintiff, | |
| vs. | |
| United States | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF MINNESOTA'S MOTION TO DISMISS** |
| and | |
| State of Minnesota | |
| Defendants. | |

Plaintiff, Robert W. Powers, has filed this *pro se* lawsuit against Defendants apparently alleging that Defendants obstructed his access to the Courts by obtaining dismissal of an earlier lawsuit brought against them. In lieu of filing an answer to Plaintiff's Complaint, Defendant State of Minnesota ("Minnesota") files this Memorandum in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(1), and 12(b)(6). Minnesota requests that this frivolous lawsuit be dismissed in its entirety because Plaintiff, as a private citizen, lacks authority to seek the appointment of a special prosecutor, and this Court lacks subject matter jurisdiction over Plaintiff's purported claims against Minnesota.

## FACTS

Plaintiff's latest Complaint is closely related to claims that he raised in a prior action that was dismissed by this Court. The essence of Plaintiff's ongoing grievance is his allegation that various federal and state officials have failed to take actions demanded by Plaintiff to investigate

alleged criminal activity. In February 2002, Plaintiff filed an action against various federal officials and the Minnesota Attorney General. (Attachment to Compl. at 2-3.) While largely incoherent, that Complaint appeared to allege that the Minnesota and federal officials failed to properly investigate and prosecute alleged crimes committed against Plaintiff in Minnesota relating to a child support obligation. *Id*. In his prayer for relief, Plaintiff requested an order from this Court requiring Defendants to take unspecified action against the unnamed individuals to "bring them to justice." (Attachment to Compl. at 3.) Minnesota brought a motion to dismiss that lawsuit for lack of personal and subject matter jurisdiction. Minnesota's motion was granted in an order from this Court dated March 22, 2002. (Attachment to Compl. at 10-11.)

Having failed in 2002 to obtain an order requiring Minnesota and federal officials to investigate alleged crimes committed by others, on June 6, 2005, Plaintiff filed the present Complaint. In a two-page pleading, Plaintiff apparently now alleges that Minnesota and the United States acted unlawfully in opposing Plaintiff's 2002 Complaint. Plaintiff claims that while he previously provided Defendants with information alleging criminal acts against Minnesota and the United States, the Defendants allegedly took no action and instead sought to violate his right to "seek legal and lawful justice in this Court." (Compl. at 2.) In apparent reference to the Court's previous orders dismissing Plaintiff's 2002 Complaint, Plaintiff specifically alleges that the Defendants "us[ed] a law clerk with this Court to use a stamp on Court Orders and [sic] Clerk Office of the U.S. Supreme Court [sic] obstruct legal process." *Id.* Plaintiff now seeks and an order from this Court appointing a special prosecutor and $20,000,000 from Defendants in punitive damages.

I. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING TO REQUEST THE APPOINTMENT OF A SPECIAL PROSECUTOR.**

Plaintiff's request for this Court to issue an order appointing a special prosecutor should be denied. It is well established that private individuals lack authority to seek the appointment of a special prosecutor to investigate and prosecute alleged criminal acts. *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992); *see also In re Henk Visser*, 968 F.2d 1319, 1324 (D.C. Cir. 1992) (dismissing prisoner's petition for the appointment of independent counsel to investigate misconduct of state and federal officials). Rather, the authority to seek the appointment of a special prosecutor rests exclusively with the United States Attorney General. *See Kaminski*, 960 F.2d at 1063. Clearly, there is no such request from the United States here. Plaintiff's request for the appointment of a special prosecutor should therefore be denied.

II. **THE COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER CLAIMS AGAINST MINNESOTA UNDER THE ELEVENTH AMENDMENT.**

Plaintiff's Complaint also seeks $20,000,000 in punitive damages from Minnesota for alleged "outrageous conduct" in opposing his 2002 Complaint. Plaintiff's request for monetary damages against Minnesota must be denied because it is barred by the Eleventh Amendment.

The states' sovereign immunity embodied in the Eleventh Amendment to the Constitution of the United States precludes a federal court from exercising jurisdiction over claims seeking monetary damages from a state. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 1355-56 (1974). Nonconsenting states may not be sued by private individuals in federal court. *Board of Trs. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962 (2000); *Alden v. Maine*, 527 U.S. 706, 119 S. Ct. 2240 (1999); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 116 S. Ct. 1114, 1122 (1996). The Eleventh Amendment and state sovereign immunity also

bar suits against a state brought by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504 (1890).

Before suit can be brought in federal court against the state for a violation of federal law, Congressional intent to abrogate the state's immunity from suit must be obvious from a clear legislative statement and the act must be passed pursuant to a valid exercise of congressional power. 517 U.S. at 55, 116 S. Ct. at 1123. Sections 1983 and 1985 do not abrogate the state's Eleventh Amendment Immunity. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S. Ct. 1139 (1979). In this case, Minnesota has not waived its sovereign immunity to such claims. *See* Minn. Stat. § 1.05 (Supp. 2004) (waiving Minnesota's immunities for violations of certain federal statutes). Accordingly, Plaintiff's claims against Minnesota should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Minnesota respectfully requests that Plaintiff's claims against it be dismissed in their entirety with prejudice.

Dated: July 7, 2005

Respectfully submitted,

s/ Erika Schneller Sullivan
Erika Schneller Sullivan
MN Bar Number 0288056
Attorney for Defendant, State of Minnesota
MIKE HATCH
Attorney General
State of Minnesota
445 Minnesota Street, Suite 900
St. Paul, MN 55101-2127
Telephone: (651) 296-1427
Fax: (651) 297-4139

AG: #1447187-v1