UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT W. POWERS,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)    Civil Action No. 05-1130 (RCL)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO DISMISS

The United States Department of Justice ("DOJ") respectfully moves, pursuant to Fed. R. Civ. P. 12(b) (1) and (6), to dismiss the Complaint in this action. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

                              Respectfully submitted,

                              _____
                              KENNETH L. WAINSTEIN, DC Bar #451058
                              United States Attorney

                              _____
                              R. CRAIG LAWRENCE, DC Bar #171538
                              Assistant United States Attorney

                              _____
                              KATHLEEN KONOPKA
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT W. POWERS,                )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   Civil Action No. 05-130 (RCL)
                                 )
UNITED STATES OF AMERICA, et al., )
                                 )
            Defendants.          )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

I. BACKGROUND

Plaintiff's suit in this action relates back to a claim that was disposed of on defendants' motions to dismiss by the Honorable Ricardo M. Urbina in 2002. (Attachment to Complaint at 10-11, 13-14). In that prior claim, Plaintiff alleged that the Attorneys General of the United States and Minnesota had failed to prosecute individuals that Plaintiff contended had committed criminal acts. (Id. at 2-3).

In this action, Plaintiff claims that the Department of Justice's and the State of Minnesota's[1] defense of the 2002 suit through motions to dismiss was improper, and that defendants "prevent[ed] the execution of legal and lawful process and the administration of justice," and "impede[d] plaintiff in his attempt to seek legal and lawful justice in this Court." (Complaint at 1-2). He also appears to accuse defendants of "obstruct[ing] legal process" by "us[ing] a law clerk with this Court to use a stamp on Court Orders. . ." (Id. at 2). Plaintiff asks the Court to appoint a special prosecutor and to award him "20,000,000.00 punitive damages for defendants past and present outrageous conduct." (Id.). For the reasons set forth herein, plaintiff's instant claims should be dismissed.[2]

---

[1] Defendant State of Minnesota is represented by separate counsel. A motion to dismiss was filed by the State of Minnesota on or about July 7, 2005.

[2] Plaintiff is pro se. He is informed that failure to respond to this motion may result in the District Court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

II. ARGUMENT

A.      This Court Lacks Jurisdiction to Entertain Plaintiff's Plea for a Special Prosecutor

Plaintiff's request that this Court appoint a special prosecutor must be denied. It is settled law that an independent counsel with prosecutorial jurisdiction may only be appointed upon application of the Attorney General of the United States. 28 U.S.C. § 593(b); 28 U.S.C. § 592(c); In re Kaminski, 960 F.2d 1062, 1063-1064 (D.C. Cir. 1992). A private citizen lacks authority to make such application, and the Court is without jurisdiction to act on such a request. Id. See In re Visser, 968 F.2d 1319, 1324 (D.C. Cir. 1992) (Court finds that it has no jurisdiction to entertain petitioner's request for appointment of independent counsel to investigate alleged misconduct without application from Attorney General).

B.      The Court Lacks Jurisdiction to Consider Petitioner's Claim for Monetary Damages Against the United States

Plaintiff's complaint fails to identify a cause of action or waiver of sovereign immunity permitting the Court to exercise its jurisdiction over the United States. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475.

Plaintiff contends that jurisdiction is conferred on this Court in this matter based on "the 5th Amendment due process clause, 14th Amendment equal protection of the law." (Complaint at 1). Although Plaintiff has not invoked it, one common source for a waiver of sovereign immunity against the United States is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, ("FTCA"). The FTCA, provides a limited waiver of sovereign immunity for monetary claims against the United States for certain torts committed by federal employees. However, it

does not waive the federal government's immunity from suit for constitutional torts.  28 U.S.C. §§ 2679(b)(1) and (b)(2); Meyer, supra, 510 U.S. at 477 ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); see Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d Cir. 1978).  Moreover, the Supreme Court has refused to recognize an implied Bivens-type[3] cause of action against federal agencies.  Meyer, 510 U.S. at 486.  Thus, defendant has cited no bases, nor could he, for the Court to exercise jurisdiction over the United States in the instant matter, and defendant's claims must be dismissed.

    C.    Plaintiff's Claim is Patently Frivolous

Regardless of the jurisdictional issue, Plaintiff's claim is patently frivolous and fails to state a claim upon which relief can be granted.  Defendants' filing of appropriate motions in accordance with Federal Rule of Civil Procedure 12 to dispose of Plaintiff's 2002 claims cannot be deemed tortious under any legitimate legal theory.  Thus, Plaintiff's present suit should be summarily dismissed.

---

[3] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

III. <u>CONCLUSION</u>

For the reasons set forth herein, plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
KATHLEEN KONOPKA
Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, supporting memorandum, and a proposed Order has been made by mailing copies thereof to:

ROBERT W. POWERS
P.O. Box 125
Spirit Lake, IA 51360

on this ____day of September, 2005

                                  _____
                                  KATHLEEN KONOPKA
                                  Assistant United States Attorney
                                  Judiciary Center Building
                                  555 4th Street, N.W.; Room E4412
                                  Washington, D.C.  20001
                                  (202) 616-5309